# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

LEE C. KRATZ,

    Plaintiff,

vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,[1]

    Defendant.

No. 12-CV-89-LRR

**ORDER**

_____

The matter before the court is Plaintiff Lee C. Kratz's Petition for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1) ("Motion") (docket no. 23). Kratz filed the Motion on May 2, 2014. On May 16, 2014, the Commissioner of Social Security ("Commissioner") filed a Response (docket no. 24).

On September 11, 2012, Kratz filed a Complaint (docket no. 2), arguing that there was no substantial evidence in the record to support the Administrative Law Judge's ("ALJ") prior denial of Social Security Disability Insurance benefits. On August 22, 2013, the court reversed and remanded Kratz's case to the Commissioner for further proceedings. August 22, 2013 Order (docket no. 15) at 28. On December 6, 2013, the court awarded Kratz $4313.47 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[2] December 6, 2013 Order (docket no. 19) at 2. On March 31, 2014, the

---

[1] Plaintiff Lee C. Kratz originally filed this case against Michael J. Astrue, the Commissioner of Social Security. *See* Complaint (docket no. 2) at 1. On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. The court, therefore, substitutes Commissioner Colvin as the Defendant in this action. *See* Fed. R. Civ. P. 25(d).

[2] The court notes that the December 6, 2013 Order mistakenly awarded $4317.47 in attorney's fees. However, Kratz sought and the parties agreed to an award of $4313.47

(continued…)

ALJ found "Kratz disabled within the meaning of the Social Security Act as of May 21, 2007." Affirmation (docket no. 23-2) at 3. On April 14, 2014, the Social Security Administration issued a Notice of Award. Kratz Exhibits (docket no. 23-3) at 6. The Notice of Award provided that the Social Security Administration "withh[e]ld 25 percent of past due benefits in order to pay the approved representative's fee" and that it had withheld $24,587.00 from Kratz's past due benefits. *Id.* at 7.

In the Motion, Kratz seeks an award of $16,500 in attorney's fees, which is less than the 25% available pursuant to the relevant statute. *See* 42 U.S.C. § 406(b) ("Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ."). Kratz's counsel states that he will remit the previously awarded EAJA fee of $4313.47 directly to Kratz. In the Response, the Commissioner does not oppose the $16,500 in attorney's fees that Kratz seeks, noting that the court should order Kratz's counsel to remit the $4313.47 back to Kratz.

In light of the foregoing, the Motion is **GRANTED**. Attorney's fees are awarded to Kratz in the amount of $16,500. Upon receipt of this award, Kratz's counsel is **DIRECTED** to remit the previously awarded EAJA fee of $4313.47 to Kratz.

---

[2](...continued)
in attorney's fees. Thus, the court's December 6, 2013 award and the accompanying Judgment (docket no. 20) of $4317.47 should have been in the amount of $4313.47.

**IT IS SO ORDERED.**

**DATED** this 4th day of June, 2014.

                                   LINDA R. READE
                                   CHIEF JUDGE, U.S. DISTRICT COURT
                                   NORTHERN DISTRICT OF IOWA